JAMES E. MITCHELL, Respondent, v. THE NIAGARA FIRE INSURANCE COMPANY of the City of New York, Appellant.

*Insurance — misrepresentation and concealment — a house, used as a dwelling, need not be wholly occupied in all its parts for living purposes.*

In an action brought to recover upon a policy of insurance, insuring the plaintiff's dwelling, the damage resulting from its injury by fire, the defendant interposed an answer, alleging misrepresentation and concealment. It appeared that prior to 1889 the building was used as a carpet factory and was insured as such; that subsequently the plaintiff's agent returned the policy to the company and said that factory rates no longer applied to the building as it had been changed from a factory into a dwelling house. The policy in question was then issued at dwelling house rates.

Upon the question whether this was a fair description of the premises, the proof was that the rooms in which the family did not live were used for washing, drying clothes and for storing wood and coal, and also furniture not in continual use.

*Held,* that there was no fraud or misrepresentation in describing the building as a dwelling house.

APPEAL by the defendant, The Niagara Fire Insurance Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 9th day of July, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Orange Circuit, and also from an order entered in said clerk's office on the 1st day of July, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Robert Thorne*, for the appellant.

*Taylor & Gardner*, for the respondent

PRATT, J.:

This is an appeal from a judgment rendered in favor of plaintiff against defendant, upon a verdict directed by the court, for the sum of $1,020, at the Orange County Circuit in June, 1895, and from an order denying defendant's motion for a new trial.

The action was brought to recover upon a policy insuring plaintiff's dwelling in Newburgh, issued by defendant in December, 1892, to plaintiff for the sum of $1,000, payable to plaintiff's assignor as mortgagee. The assignment to the plaintiff appears in the case.

While the answer set up several defenses, most of them were abandoned on the trial, or no evidence was offered to prove the same. The policy being offered in evidence, service of proofs of loss being admitted, the fire and the value of the property destroyed, and the assignment to plaintiff being proved, plaintiff rested.

The only testimony offered by defendant was that of its agent, Robinson, who issued the policy. He testified that it was stated to him, on the application for the policy sued upon, that the building to be insured thereunder was a dwelling. Nothing else was said. The uncontradicted proof shows that it was a dwelling, having been formerly a factory. The rooms not lived in by the family were used for washing, drying clothes, putting in wood and coal, etc., so that the whole house was occupied. Robinson also testified that a dwelling of the size of the building in question that has a store-room in it should be insured at the rate of ten dollars per thousand. No evidence was offered that the number of stories of a house make any difference as to rates, or that any statement was made as to the number of stories of the dwelling in question. The rate charged was that usually charged for insuring dwelling houses. Defendant then rested.

Both parties moved for the direction of a verdict, and the court directed a verdict for the plaintiff.

The defendant claims that upon the facts proved there was concealment or misrepresentation by the agent of the insured which avoided the policy in which the risk is described as a dwelling house.

The proof shows it was a dwelling house and used as such and nothing else; it was, therefore, no misrepresentation to call it a dwelling house, and no concealment was practiced by not saying that every room in the house was continually used as a living room during all the time it was occupied by the assured.

In fact it was all occupied within the meaning of the law; the attic was used to dry clothes, part was used as a laundry, and other parts to store furniture not in continual use. It is plain that no fraud was practiced or intended by the insured, and no misrepresentation made.

There seems to be no alternative to an affirmance of the judgment as there is no exception by defendant in the record. The

defendant took no exception to the direction by the court to the jury to find a verdict for the plaintiff, nor has any order been entered denying the motion for a new trial.

The judgment must be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

DYKMAN, J.:

This is an appeal by the defendant from a judgment and an order denying a motion for a new trial made upon the minutes of the court.

The action was based upon a policy of fire insurance, and upon the trial at the Circuit a verdict was directed in favor of the plaintiff against the defendant for $1,020.

For a defense to the action the defendant set up misrepresentation and concealment, which was based upon the following facts: Prior to 1889 the building was used as a carpet factory and insured as such at a premium of fifteen dollars a year, and in that year the policy was renewed at the same rates. Thereafter the agent of the plaintiff returned the policy to the company, and stated that the building had been changed from a factory into a dwelling house, and that the factory rates no longer applied. Relying upon that statement a new policy was issued upon dwelling-house rates. The statement of the agent was true. The building never was used as a factory subsequent to the issuance of the last policy, and it was occupied as a dwelling. There was no misrepresentation and no concealment of any fact. At the close of the testimony each party moved for the direction of a verdict, and so it was assumed by both that there was no question of fact for the jury. and there was none. The facts are undisputed.

While principle and authority condemn a policy procured by false representation or fraudulent concealment, the rule has no application to this case, because there was no proof of either therein.

The judgment and the order denying the motion for a new trial should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.